IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 11-32-2 |
| v. | : | |
| | : | CIVIL ACTION |
| BASIL SOLOMON | : | NO. 14-4417 |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                              **March 18, 2024**

Defendant Basil Solomon filed a motion pursuant to 28 U.S.C. § 2255 to set aside his conviction and correct his sentence for using and carrying, and aiding and abetting the use and carrying of a firearm, in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and (2).  At issue is whether the predicate offense for Solomon's § 924(c) conviction – completed Hobbs Act robbery – qualifies as a crime of violence following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Because in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023), the Third Circuit Court of Appeals definitively held Hobbs Act robbery does so qualify, Solomon's motion shall be denied.

**FACTUAL BACKGROUND**

On January 13, 2011, Solomon was charged in a three-count Indictment with one count each of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).  He was also charged with aiding and abetting liability pursuant to 18 U.S.C. § 2.  These charges arose out of the July 13, 2010 gunpoint robbery, of a Philadelphia used car dealership by Solomon and a co-defendant.  On that date, after purporting to negotiate the sale price of a vehicle, Solomon and his co-defendant brandished handguns to force three

dealership employees to lie on the floor while they seized some $2,500 in cash, bank cards, a laptop computer and a cell phone.  Solomon was tried by a jury and convicted on all charges on October 19, 2011.  He was sentenced on October 18, 2012 to 63 months' imprisonment on the conspiracy and robbery charges (Counts One and Two), and a mandatory consecutive term of 84 months on the § 924(c) offense (Count Three), for a total of 147 months' incarceration, followed by five years of supervised release.

On May 16, 2016, after receiving appointed counsel from the Federal Community Defender Office, Solomon filed the instant § 2255 motion based on the Supreme Court's then-recent decision in *Johnson v. United States.*  In that case, the Supreme Court invalidated the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague and held that imposing an increased sentence under the clause violated due process.  *See Johnson*, 576 U.S. at 597, 606.  Solomon argued *Johnson* applied with equal force to the similarly-worded residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), thereby disqualifying Hobbs Act robbery as a crime of violence under the statute.  Initially, Solomon's motion was stayed pursuant to a court-wide Administrative Order and on June 28, 2021, the Court ordered the motion to remain stayed pending the resolution of the relevant issues by the appellate courts.  Because *United States v. Stoney* is now final, the stay is properly lifted so this motion can be adjudicated.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted).  In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Because it is clear from the record of this case that Solomon is not entitled to any relief, there is no need for an evidentiary hearing.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'"  *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (quoting § 924(c)(1)(A)).  A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

*Davis* was decided while Solomon's § 2255 motion was pending.  Following the same reasoning it used in *Johnson*, and in *Sessions v. Dimaya*, 584 U.S. 148 (2018) which invalidated the strikingly similar residual clause of 18 U.S.C. § 16,[1] the Supreme Court likewise found §

---

[1]   18 U.S.C. § 16 defines "Crime of Violence" for purposes of many federal statutes to mean:

924(c)(3)(B) to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-26, 2336. This means that after *Davis*, to uphold a conviction and sentence under § 924(c)(1), the predicate crime must be a categorical "crime of violence" pursuant to the "elements" clause of § 924(c)(3)(A). *See Stoney*, 62 F.4th at 111 n.2. ("[N]ow, only § 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence"). *Stoney*, in turn, considered the same issue raised here by Solomon: whether completed Hobbs Act robbery requires proof of "the use, attempted use, or threatened use of physical force," and is thus "categorically a crime of violence under § 924(c)(3)(A), " and held that it is. *Id.* at 113-14 (quoting § 924(c)(3)(A)). Solomon's § 924(c) conviction and sentence therefore remain valid, and his motion shall be denied.

Finally, in view of the unanimity of Circuit authority on this point, Solomon has not shown, and cannot show, that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong. Accordingly, there are no grounds to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____

Juan R. Sánchez,          J.

---

(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.